## ALFRED MUNYON v. S. P. HARTMAN, Appellant.

**Division One, December 2, 1914.**

1. **SPECIFIC PERFORMANCE: Defective Title.** Where the agreement for the exchange of lands was that each party should furnish an abstract of title to the property to be conveyed by him, showing a good title in him, and if the abstract failed to show a good title in him then he should make such corrections as might be necessary to perfect it, plaintiff cannot have a decree for specific performance unless he has a good title.

2. ————: ————: **Admission of Defects.** The institution of a suit in the circuit court and at the same term, by plaintiff, to quiet title to a part of the land for which he seeks a decree of specific performance of a contract to convey to him, is a solemn admission of record that he does not own a good title to the entire tract, and is a bar to his right to a decree for specific performance, where the contract to convey calls for a good title.

Appeal from Linn Circuit Court.—*Hon. John P. Butler,* Judge.

REVERSED AND REMANDED (*with directions*).

*Bresnehen & West* for appellant.

(1) The contract sued on required the plaintiff to furnish an abstract to his land showing a good title in him; this requires him to have a record title, one that can be shown by an abstract, and requires him to furnish an abstract showing that he has such title. Thompson v. Dickerson, 68 Mo. App. 535; Birge v. Bock, 44 Mo. App. 69; Bruce v. Williams, 102 Mo. App. 384; 6 Ballard on Real Property, secs. 15-17; Maupin on Marketable Title to Real Estate, sec. 164; 1 Am. & Eng. Ency. Law, 214. (2) The decree of court undertaking to quiet plaintiff's title is not shown in the abstract. He agreed to furnish an abstract showing a good title, and without this decree his abstract is incomplete and fails to show any correction of the defects attempted to be cured by that decree. The court erred in decreeing specific performance of the contract sued on without proof of the plaintiff's title. Luckett v. Williamson, 31 Mo. 54; Birge v. Bock, 24 Mo. App. 330.

*C. C. Bigger* for respondent.

(1) Under the contract sued on, plaintiff was only required to furnish to defendant a reasonably good title to the farm, and was not bound to establish his title by the record alone, but could supply defects in the record title by evidence of facts not of record, so as to make the title good and marketable. Scannell v. Am. Soda Fountain Co., 161 Mo. 606; Greffet v. Willman, 114 Mo. 106; Birge v. Bock, 44 Mo. App. 69. (2) The decree of the circuit court of Linn county had the effect of quieting the title and barring any claim to plaintiff's farm or any part thereof, on the part of the heirs of George M. Taylor, deceased, Annie M. Langlie or the Marceline Coal Mining and Prospecting Company. (3) The small portion of the farm occupied by a public

road, and the fourteen-hundredths of acre taken off by the Santa Fe Railway Company, should not prevent a decree of specific performance. All plaintiff was required to do, was to convey to defendant the premises, substantially, contracted for. Secret Service Co. v. Gill Mfg. Co., 125 Mo. 156; Kilpatrick v. Wiley, 197 Mo. 169.

WOODSON, P. J.—This suit was instituted in the circuit court of Linn county, by the plaintiff against the defendant, to specifically enforce a written contract for the exchange of a certain farm, subject to two certain deeds of trust, for a residence, a homestead lot, in the city of Brookfield, all situated in said county. A trial was had before the chancellor, and after hearing all of the evidence a finding of the facts and a decree of the court were made and entered in favor of the plaintiff, from which, after taking the proper preliminary steps, the defendant duly appealed the cause to this court for review.

The pleadings need not be set out or commented upon, for the reason that they are not assailed in any manner; thereby the concession may be drawn that they are sufficiently specific and comprehensive to cover and present the issues of fact and propositions of law presented to this court for determination.

The substance of the contract may be briefly stated as follows:

The plaintiff and defendant agreed that the former should exchange his farm, consisting of two hundred and sixty acres, subject to two deeds of trust, one to secure a note of $3500 and the other for $3950, both of which the defendant agreed to assume; and the house and lot of the defendant situated in Brookfield was to be taken by the plaintiff in full exchange for his equity in the farm.

The contract was dated September 23, 1908, and provided that each party should within twenty days

from that date furnish an abstract of title to the property to be conveyed by him, showing a good title in him, and if the abstract fails to show good title then such party should make such corrections as might be necessary for that purpose. The defendant was to pay to the plaintiff interest on the $3500 deed of trust from January 1, 1908, and on the $3950 deed of trust from September 23, 1908, until satisfied. The plaintiff was to deliver possession of the farm on January 1, 1909; and defendant was to deliver possession of the Brookfield property on the same date, but was to pay rent thereon from October 1, 1908, to January 1, 1909, at $50 per month.

The defendant furnished the plaintiff with an abstract of title to his property within a few days after the contract was executed, but the plaintiff's abstract was not delivered until November 11, 1908, some thirty days after the expiration of the time it was to have been delivered under the terms of the contract. No objections, however, it seems, were made to the non-delivery of this abstract in time; and, therefore, that fact will receive no further consideration at our hands.

No objection was made to the abstract furnished by the defendant, but the defendant, on December 18, 1908, made many written objections to the one furnished by the plaintiff.

On January 1, 1909, the plaintiff met the defendant in Brookfield and tendered him a deed to the farm and the abstract which he had theretofore submitted to him for examination, but the defendant refused to accept the same on the ground that the abstract failed to show a good title, as required by the contract.

Without further ado, the plaintiff instituted this suit.

If I correctly understand the record, it shows that about one hundred and twelve different transfers of this property, or some portion thereof, had been made since the title thereto emanated from the United States.

The contract of exchange and much other evidence were introduced.

Counsel for defendant presented some fifteen specific objections to various numbers of those transfers (each being represented by a number), and assigned those, as well as some five others, as grounds for a rehearing to the trial court, all of which were overruled, and a judgment specifically enforcing the contract in favor of the plaintiff was rendered, as before stated, also for $750 for rent of the Brookfield property, etc., when all of the evidence, outside of the contract of exchange, tended to show that its monthly rent was only $20 to $22.50.

At the same term of the Linn Circuit Court, at which this suit was brought, the plaintiff also instituted a suit therein against Anna M. Langlie and —— Langlie, her husband, the unknown heirs, devisees, grantors and assignees of George M. Taylor, deceased, and the Marceline Coal Mining and Prospecting Company, a corporation, defendant, to quiet his title to certain portions (some ten or fifteen acres, the exact number not having been made clear) of the two hundred and sixty acres of land in controversy.

The defendants in the latter suit being non-residents, were notified of the pendency of the suit by publication, the validity of which is challenged by counsel for defendants.

It is charged by the defendant that the plaintiff did not have a good title to the two hundred and sixty acres of land he agreed to exchange with the defendant for his house and lot in Brookfield, and the evidence conclusively shows that said charge was true. Not only that, the institution by the plaintiff of the suit before mentioned to quiet his title to certain portions of said land, is a solemn admission of record, in the same court in which this suit was brought, that he

**Specific Performance: No Good Title Shown.**

did not own a good and clear title to that entire two hundred and sixty acres.

This evidence and the admission of the plaintiff is a perfect bar to his right to a recovery in this case. [McQuary v. Missouri Land Company, 230 Mo. 342, 1. c. 364; Rector v. Price, 1 Mo. 373.] The latter case is the leading case in this State regarding the legal proposition under consideration, and has been approved many times in subsequent adjudications. The facts of those cases are not nearly so strong in favor of the defendants' contention, as are the facts of this case.

These views render it unnecessary to consider the numerous other legal propositions presented for determination, since this view of the case fully disposes of. it.

For the reason stated, the judgment of the circuit court is reversed, and the cause remanded. with directions to dismiss the plaintiff's bill.

All concur.